UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- x
      :
SEAN FINCHER,      :
      :
                        Plaintiff,      :      **ORDER RESOLVING**
      :      **CROSS MOTIONS**
    -against-      :
      :      09 Civ. 10318 (AKH)
      :
THE CITY OF NEW YORK, N.Y.C. DEP'T OF      :
CORRECTIONS, WARDEN MIARABEL, OF      :
NORTHERN INFIRMARY COMMAND, CAPTAIN      :
THOMPSON (#527), CORRECTION OFFICER      :
WILLIAMS (#16505),      :
      :
                        Defendants.      :
      :
--------------------------------------------------------------------- x
ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff Sean Fincher, proceeding *pro se*, alleges that he was subjected to an unconstitutional strip search while incarcerated at Riker's Island. Plaintiff has moved for injunctive relief and for an entry of default against the City. Defendants move to dismiss the complaint for failing to state legally sufficient claims. Fed. R. Civ. P. 12(b)(6). For the reasons stated below, Defendants' motion is granted in part and denied in part. Plaintiff's motions are denied.

        Plaintiff is in the custody of the New York City Department of Correction ("DOC"). He alleges that certain unidentified prisoners complained to DOC authorities about having to share their living space with a transgender prisoner who was moved into their cell-block. The complaint was followed, plaintiff alleges, by a line-up of the complaining prisoners, 15-20 in number, an instruction for them to disrobe, and a strip search of each, infringing on their

1

dignity.  Plaintiff claims that a camera recorded the incident and that he suffered psychological injuries.

Defendants submit affidavits in support of their motion.  I do not accept the affidavits.  The motion will be evaluated only on the legal sufficiency of the allegations of the complaint, without prejudice to renewal of the motion after an answer and/or depositions.

The complaint fails to allege a "physical injury."  That omission is fatal.  Section 1997e(e) of Title 28 of the United State Code bars an action for mental or emotional injury by a prisoner confined to a jail without a prior showing of physical injury.  Plaintiff must allege "a sufficient degree of harm," sufficient under the standard of the Eighth Amendment's prohibition against cruel and inhuman punishment.  See Espinal v. Goord, No. 00 Civ. 2242, 2001 U.S. Dist. LEXIS 5688, at *49 (S.D.N.Y. May 8, 2001).  Plaintiff must allege more than a *de minimis* use of force.  Liner v. Goord, 196 F.3d 132, 135 (2d Cir. 1995).  For this deficiency alone, the complaint has to be dismissed, but with leave to re-plead to allege legally sufficient physical injury, if any.  Since the complaint if legally insufficient, Plaintiff's motion for injunctive relief is denied.

The next part of defendants' motion argues that plaintiff failed to file a grievance.  This defense must be alleged.  Defendants' argument suggests also that there are factual issues.  Also, there is the question if plaintiff's complaint of a single incident of strip-searching constitutes a complaint concerning prison conditions.  28 U.S.C. § 1997e(a).  This part of defendants' motion is denied, without prejudice to renewal at the appropriate time.

A third part of defendants' motion argues that a strip search is reasonable in prison, and therefore does not violate the Fourth and Fourteenth Amendment.  That is a factual issue that will have to be developed in discovery.

The next parts of the motion relate to particular defendants. Defendants are correct that the City of New York cannot be sued for a wrong committed by a prison guard unless the complaint sufficiently alleges a policy or practice of the City that gave rise to the wrong. Since plaintiff makes no such showing, the City is dismissed as a party defendant. As a result, Plaintiff's motion for default judgment against the City is denied.

The complaint names three individuals as defendants. Two are dismissed: the warden of North Infirmary Command and Captain Thompson. Plaintiff has not alleged any personal involvement by either in the strip search. See Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986).

Plaintiff, if he wishes to continue with his lawsuit, must file an amended complaint by October 14, 2010, curing that which he is able to cure. The amended complaint must drop the City, the Warden and Captain Thompson as defendants, and amend the caption accordingly.

The Assistant Corporation Counsel, by September 29, 2010, must furnish plaintiff with Correction Officer Williams's full name, and plaintiff's amended complaint should use that full name.

Defendant Williams shall file an Answer or motion by November 5, 2010, and organize a telephone conference with plaintiff and the court for November 12, 2010, 11:00 a.m.

The Clerk shall mark the motions (Doc. Nos. 3, 14, and 16) terminated and the case closed subject to the filing of an amended complaint by October 18, 2010.

SO ORDERED.

Dated: September 17, 2010
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3